Arthur J. Abrams, J.
Petitioner, a Suffolk County resident, on June 21, 1974 filed a petition against her husband, a Pennsylvania resident, under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A). On August 15, 1974, the Court of Common Pleas of Montgomery County, Pennsylvania, Criminal Division, adopted the following order: "The defendant [respondent herein] is ordered to pay * * * the sum of $30.00 each week for the support of his minor daughter, Cheryl; on condition that he pay directly the principle interest and taxes on real estate owned by the defendant and wife at 293 Sycamore Lane, Central Islip, Suffolk County, New York.” It is alleged that respondent has not been complying with the terms and conditions of the aforesaid order.
Petitioner and respondent still reside in Suffolk County, New York and Montgomery County, Pennsylvania, respectively. Petitioner moves herein to enforce the Pennsylvania order pursuant to sections 461 and 466 of the Family Court Act and has had the respondent personally served in an effort to obtain jurisdiction. The movant contends that CPLR 302 (subd [b]) grants the Family Court here the authority to so act. The court does not agree with this contention.
Section 165 of the Family Court Act reads as follows: "Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the civil practice act to the extent they are suitable to the proceeding involved. Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.”
The first sentence of section 411 of the Family Court Act *721 reads: "The family court has exclusive original jurisdiction over support proceedings under this article and in proceedings under article three-a of the domestic relations law.”
Thus, an examination of article 3-A of the Domestic Relations Law is necessary to ascertain whether CPLR 302 (subd [b]) comes into play. To our mind, a reading of the pertinent statutes reveals that it does not. Subdivisions 12 and 13 of section 37 of the Domestic Relations Law provide as follows:
"The court making such order shall have the power to direct the respondent to make the payments required thereby at specified intervals to the probation department or bureau of the court and to report personally to such department at such times as may be deemed necessary and the respondent shall at all times be under the supervision of such department or bureau.”
"A respondent who shall wilfully fail to comply with or violate the terms or conditions of the support order or of his probation shall be punished by the court in the same manner and to the same extent as is provided by law for a contempt of such court or a violation of probation ordered by such court in any other suit or proceeding cognizable by such court.”
For the CPLR to be the viable procedural mechanism, the Family Court Act or the rules adopted by the Administrative Board of the Judicial Conference must not prescribe the method of procedure. We find no such void here, Section 37 of the Domestic Relations Law specifically provides that it is within the province of "the court making such order” to set and enforce support provisions. This being the case, we determine the Suffolk County Family Court to be the wrong forum and, accordingly, dismiss the petition for enforcement of the Pennsylvania court’s order.
As an aside, we suggest that the petitioner move anew for enforcement in the proper forum and hope that that court will take the proper action to enforce its own determinations.