OPINION OF THE COURT
Anthony F. Bonadio, J.
Respondent moves to dismiss this proceeding commenced *839 pursuant to article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law, or USDL) upon the ground that the court lacks jurisdiction because the petitioner herein, a resident of Massachusetts, has failed to commence this proceeding in accordance with the provisions of section 37 of the Domestic Relations Law.
Petitioner, the former wife of respondent, commenced this matter in this court in October, 1979, when respondent was personally served with a summons and petition. Significantly, the petition is entitled "Petition-Violation of Support Order”, and the summons and petition bear "U” docket numbers. The petition alleges that respondent has failed to comply with the orders of this court entered in February, 1970 and June, 1971. These orders awarded petitioner $80 per week for child support. (There were four children of the marriage.) Petitioner alleges, and respondent nowhere denies, that the arrears total over $27,000. She requests that this court, among other things:
(1) award a judgment in the amount of arrears, pursuant to section 244 of the Domestic Relations Law (cf. Family Ct Act, § 460);
(2) issue a wage deduction order, pursuant to section 49-b of the Personal Property Law (cf. Family Ct Act, § 448);
(3) sequester respondent’s property or otherwise order security, pursuant to section 243 of the Domestic Relations Law (cf. Family Ct Act, §§ 454, 457, 471).
Clearly, this proceeding has been brought to enforce a previous order of this court made in prior proceedings.
As noted above, respondent moves to dismiss upon the grounds that petitioner, an out-of-State resident, has failed to comply with subdivisions 3 and 4 of section 37 of the Domestic Relations Law in that she did not commence this proceeding in her home State, or, the "Initiating state” as provided in subdivision 9 of section 31 of the Domestic Relations Law, but rather, here in New York State, the "Responding state”. (Domestic Relations Law, § 31, subd 10.)
If this were an initial application for support, respondent would be correct. But this proceeding seeks to enforce the prior orders of this court. Indeed, petitioner complied with section 37 of the Domestic Relations Law in 1969, when she originally commenced this proceeding. Moreover when this court, in June, 1971, found respondent in violation of its original order, it apparently did so upon application of a *840 Deputy County Attorney of Monroe County without any proceeding in the initiating court.
Petitioner’s application to this court seeking enforcements of its prior orders, is not only permissible, but required. Subdivision 17 of section 37 of the Domestic Relations Law provides that: "The court of the responding state may use any power to enforce a duty of support against a respondent under this article which is otherwise available to it under the laws of the responding state.”
And subdivision 13 of section 37 of the Domestic Relations Law empowers this court to hold in contempt a respondent who willfully violates a support order. (See, also, Domestic Relations Law, § 37, subd 12.)
In Becker v Becker (88 Misc 2d 719) the petitioner moved in the initiating court for an order enforcing a support order of the responding court. The court denied the application, holding (p 721) that a motion to enforce a USDL proceeding support order must be made to "the court making such order”. And in Matter of Diann P. v Gene P. (86 Misc 2d 844, 848) the initiating court noted, on respondent’s motion to modify a support order and cancel arrears, that: "Clearly, therefore, this court cannot properly entertain respondent’s application for relief from arrears based upon the responding court’s order; nor can this court, for the same reasons, entertain his application to modify the responding court’s order.”
The cases cited by respondent involve either initial applications for support under the USDL statute or enforcement of a divorce decree in a USDL proceeding. This court does not believe the cases to be relevant to the case at hand.
Accordingly, this court holds that the proceeding was properly commenced in October of 1979, when the respondent was personally served with the initial summons and petition.
Therefore, this motion is denied, and the case is placed on the calendar, Tuesday, April 22, 1980, at 2 p.m., for purposes of setting a trial date.